1  **PHILIP J. KAPLAN (State Bar No. 135735)**
   **philipkaplanlaw@gmail.com**
2  **LAW OFFICES OF PHILIP J. KAPLAN**
   3278 Wilshire Blvd., Suite 106
3  Los Angeles, California 90010
   Telephone: (213) 480-8981
4

5  Attorney for Plaintiffs
   RENEE KLEP and A.K.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10                         **SACRAMENTO DIVISION**

11

12  RENEE KLEP, individually and as      )   Case No.
    successor-in-interest to DARIN        )
13  KLEP, DECEDENT; A. K., a              )
    minor by her Guardian Ad Litem,       )
14  RENEE KLEP,                           )   **COMPLAINT FOR DAMAGES**
                                          )   **FOR DEPRIVATION OF CIVIL**
15                                        )   **RIGHTS PURSUANT TO 42**
                                          )   **U.S.C. § 1983 (EXCESSIVE**
16              Plaintiffs,               )   **FORCE); INTERFERENCE**
                                          )   **WITH THE EXERCISE OF**
17       vs.                              )   **CIVIL RIGHTS IN VIOLATION**
                                          )   **OF THE BANE ACT (CIVIL**
18  COUNTY OF SISKIYOU; CITY              )   **CODE § 52.1); BATTERY;**
    OF MT. SHASTA, a Municipal            )   **NEGLIGENCE; AND**
19  entity; CHRIS STOCK, an               )   **NEGLIGENT INFLICTION OF**
    individual; RICHARD EVANS; an         )   **EMOTIONAL DISTRESS**
20  individual; WALTER MOORE; an          )
    individual; and JUAN                  )
21  CASANOVA, an individual,              )
                                          )
22              Defendants.               )   **DEMAND FOR JURY TRIAL**
                                          )
23  _____  )

24

25

26

27

28
    Complaint
    Case No.

Plaintiffs Renee and A.K. (hereinafter sometimes, collectively, "Plaintiffs") hereby allege as follows:

## **PARTIES**

1. Renee Klep (hereinafter sometimes "Renee") was, at all material times, the wife of decedent Darin Klep (hereinafter "Darin" or "Decedent"). Renee is and was at all material times a resident of Mt. Shasta, located in Siskiyou County, California. Renee sues both in her individual capacity and in her representative capacity as a successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.60. Renee seeks damages for her own injuries, as well as survival and wrongful death damages under federal and California state law.

2. A.K. is the biological daughter of Decedent and Renee. A.K. is a minor. Upon filing the instant complaint, Renee Klep intends to file a motion for the appointment of a Guardian Ad Litem, pursuant to Federal Rules of Civil Procedure Rule 17 and Local Rule 202(a).

3. Plaintiffs allege that Defendant County of Siskiyou (hereinafter sometimes "County") provides law enforcement through the Siskiyou County Sheriff's Department (hereinafter sometimes "Siskiyou Sheriff's Dept.").

4. Plaintiffs allege that Defendant City of Mt. Shasta (hereinafter sometimes "City" or "Mt. Shasta") is a municipal entity providing, among other things, law enforcement through the Mt. Shasta Police Department (hereinafter "Department" or "Mt. Shasta P.D.").

5. Plaintiffs are informed and believe and thereon allege that Defendant Chris Stock (hereinafter sometimes "Stock") is, and all relevant times was, an "employee" of County/Siskiyou Sheriff's Dept. and in accordance with California Government Code Section 810.2 with the rank of "Deputy" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

6. Plaintiffs are informed and believe and thereon allege that

Defendant Richard Evans (hereinafter sometimes "Evans") is, and all relevant times was, an "employee" of County/Siskiyou Sheriff's Dept. and in accordance with California Government Code Section 810.2 with the rank of "Deputy" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

7.     Plaintiffs are informed and believe and thereon allege that Defendant Walter Moore (hereinafter sometimes "Sergeant Moore" or "Moore") is, and all relevant times was, an "employee" of City in accordance with California Government Code Section 810.2 with the rank of "Sergeant" acting under the color of law within the meaning of 42 U.S.C. Section 1983

8.     Plaintiffs are informed and believe and thereon allege that Defendant Juan Casanova (hereinafter sometimes "Officer Casanova" or "Casanova") is, and all relevant times was, an "employee" of City in accordance with California Government Code Section 810.2 with the rank of "Officer" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

9.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 5, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiffs' damages as alleged were proximately and legally caused by the Defendants' conduct.  At all times material herein, each Defendant was the agent, servant and employee of each of the remaining Defendants, and acting within the purpose, scope and course of said Agency, service and employment, with the express and/or implied knowledge, permission and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of Defendants.

Complaint
Case No.

**JURISDICTION/VENUE**

10.     Jurisdiction of this court is founded upon 42 U.S.C. Section 1983. Venue is proper pursuant to 28 U.S.C. § 1400(a), because the defendants or their agents reside or may be found within this district and because defendants transact business, including the alleged tortious acts, within this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11.     Plaintiffs have exhausted their administrative remedies by timely filing their governmental tort claims in accordance with California Code Section 910 et seq.  City of Mt. Shasta served it notice of rejection of claim, by mail, on September 27, 2022.  County of Siskiyou served its notice of rejection of claim, by U.S. Mail, on November 1, 2022.

**FIRST CAUSE OF ACTION FOR DAMAGES FOR**
**DEPRIVATION OF CIVIL RIGHTS UNDER**
**42 U.S.C. SECTION 1983**

**(Against Defendants Stock, Moore, Casanova, and Evans for Excessive Force – Fourth Amendment of United States Constitution)**

12.     Plaintiffs hereby adopt, incorporate, and reiterate all of the preceding allegations of this Complaint.

13.     On the evening of March 11, 2022, Renee called 911.  Units from Mt. Shasta P.D. and Siskiyou Sheriff's Dept. reported to the home address of Renee and Darin Klep, located at 2604 Sean Way, Mt. Shasta, CA 96067 (hereinafter "2604 Sean Way" or "Residence").

14.     Renee and Darin had been married for over two (2) years.  Darin was a native of Mt. Shasta.  He studied CRNA at Southern Oregon University and worked as an ER/ICU Nurse for 27 years.  Darin loved the outdoors.  He was an avid rock climber, snow skier, runner, hiker, and mountain biker.  Darin shared his passion for the outdoors with Renee and their young daughter, A.K., teaching A.K. the basics of rock climbing, taking her on trails on his mountain bike (A.K. in the bucket seat), paddle boarding, and snow skiing.  As a family,

Complaint
Case No.

-4-

they traveled everywhere in their R-Pod RV.  Even before A.K. was born, Darin set up A.K.'s college fund.  Darin was a member of the American Nepal Medical Foundation, an organization advancing healthcare in Nepal. Unfortunately, on this Friday night (March 11 '22) and at the time of Renee's call for service, Darin was not enjoying his out-door pursuits but, rather, had been drinking and was very distraught.

15.     After Units arrived, Renee exited the front of her home, where she was questioned.  Renee advised that Darin was in the backyard.  Renee was asked, "Does he [Darin] have a firearm on him?"  Renee replied that Darin did. Renee quickly added, "But I don't think he would want to harm anybody but himself."

16.     Plaintiffs are informed, believe, and allege that Sheriff's Deputy Chris Stock and Mt. Shasta P.D. Sergeant Moore entered the backyard, first, followed by Officer Casanova.  Sergeant Moore began to position himself in the vicinity of a swing-set/slide, while Stock positioned himself in front of Darin.  Deputy Richard Evans was positioned toward the rear of the Residence, on the opposite side of the Residence near a hot tub.  Casanova, at some point, moved past Moore and behind the swing set, to the left of Moore.

17.     Plaintiffs are informed, believe, and allege that, at some point, Darin was lying on the ground in the backyard, on his back.  Plaintiffs are further informed and believe and thereon allege that, at some point, Darin had a handgun in his hand and had the weapon pointed at his head, as he lay down on the ground.  As Darin lay on the ground, on his back, Stock, Moore, Casanova, and Evans, all, had lights on Darin, with their weapons out and aimed at Darin. Stock, Moore, and Casanova were, all, at close range, approximately thirty feet (30') away.  Evans was further away.  Darin was surrounded.

18.     Stock began to speak to Darin.  As he spoke to Darin, Stock continued to point his light at Darin, as well as having his weapon out and aimed directly at Darin.  Darin reacted: "Get that light off me man."  Darin

Complaint
Case No.

-5-

repeated his request to have the lights removed.

19.     Stock responded, "I want to be able to see you, so you can see us."

20.     Plaintiffs allege that Stock's statement was half-correct.  Because of the bright lights, Plaintiffs are informed and believe, Darin was unable to see them.  Instead, Darin was blinded.

21.     Despite Darin's repeated requests to remove the lights, Stock, Moore, and Casanova did not honor Darin's requests.

22.     Stock continued, "Tell me what happened tonight?"  "What's making you feel this way?" "Why are you trying to hurt yourself?"  These, and other statements/questions made by Stock, Plaintiffs allege, were not consistent with proper protocol, as more fully set forth below.

23.     Stock then states, "I need you to relax man."  Darin repeats his request, "turn your light off, now."  Again, Darin's request was ignored by the officers.  Stock had nothing to say to Darin, after Stock's initial comment, about the lights that were all directed at Darin.

24.     According to video, Darin appears to react to light coming from the direction of Officer Casanova (off to Darin's right) and repeats, "You see that light?" and asks, "You need to back . . . up."  From video, a bright light appears, again, after which Darin's upper torso begins to rise up from the ground.

25.     While, on information and belief, it appears that a gun was in Darin's right hand as his upper torso began to rise from the ground, Plaintiffs allege that the weapon was *not* pointed at any officer/deputy/anyone else at any time.  Rather, Plaintiffs allege, video shows that Darin was in the process of propping himself up and not in the process of taking aim at anyone.

26.     As Darin's upper torso began to rise, Moore, Casanova, Stock, and Evans fired, immediately, rapidly, and repeatedly, at Darin, striking him at least thirteen (13) times in his head, neck, chest, abdomen, pelvis, and left upper extremity.  Plaintiffs are informed and believe that at least twenty-two

Complaint
Case No.

(22) rounds, or more, were fired in total.  Before firing, on information and belief, no verbal warnings were given to Darin.

27.   Plaintiffs calculate that approximately six (6) minutes (or less) transpired in between the time law enforcement entered the back yard and the time the four (4) officers identified above (Stock, Moore, Casanova, and Evans) commenced firing.  On information and belief, Stock's attempt to negotiate with Darin may have lasted for a shorter period of time, i.e., less than five (5) minutes.

28.   Plaintiffs allege that the use of deadly force was not objectively reasonable under the circumstances.  Among other things, time and distance were on the side of law enforcement.  Plaintiffs allege that the officers involved, including Defendants herein, failed to employ proper procedures for dealing with a person threatening suicide.  Among other things, Defendants (with the exception of Evans) failed to get to positions of safety, and, instead, placed themselves in close proximity, without cover.  By surrounding Darin with lights and with weapons drawn/aimed directly at Darin, Defendants unnecessarily confronted Darin, *increased* Darin's anxiety, and exacerbated the situation, culminating in the use of deadly force.  In particular, Plaintiffs allege that Stock, the negotiator, aimed his weapon at Darin while attempting to negotiate.  This tactic directly contradicted proper protocol, making it impossible to successfully negotiate with Darin, as it sent a conflicting message to Darin.  Further, Plaintiffs allege, many statements/questions posed by Stock to Darin were contrary to protocol and were counterproductive.

### *No Qualified Immunity*

29.   Plaintiffs allege that Darin possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force.  The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, ensures the rights of individuals to be free from unreasonable searches and seizures.  At the time of

Complaint
Case No.

-7-

the above use of force, the contours of the law concerning reasonable use of force in similar circumstances, including without limitation the appropriate tactics for dealing with the mentally ill, were clearly established. Plaintiffs allege that, at all material times, Defendants had knowledge of the above rights under the Constitution.

30.    Plaintiffs allege that the lethal use of force was not justified under the circumstances and was excessive. Claimants allege that there was no threat or danger to public safety, justifying the extreme use of force use. Plaintiffs allege that Defendants engaged in conduct that was either willful or was done with deliberate indifference to Plaintiffs' rights; therefore, such conduct was not objectively reasonable and a reasonable official in those circumstances would understand that what he/she was doing violated the law, as more fully set forth herein.

31.    As a direct and proximate result, as alleged above, Plaintiffs are entitled to damages, including without limitation those damages afforded under California Code of Civil Procedure Section 377.61 (wrongful death), which include, without limitation, pecuniary loss (loss of decedent's financial support/lost wages) and non-pecuniary damages, and damages afforded under California Code of Civil Procedure Section 377.34, as well as attorney's fees under 42 U.S.C. Section 1988.

32.    Plaintiffs are further informed, believe, and allege that above-described acts of the above Defendants/peace officers depriving Decedent of his constitutionally protected rights, privileges, and immunities were done with reckless or callous indifference to Decedent's rights. Accordingly, Plaintiffs seek and award of punitive damages against the individual peace officers involved in Decedent's seizure/death.

Complaint
Case No.

-8-

## SECOND CAUSE OF ACTION FOR INTERFERENCE WITH THE EXERCISE OF CIVIL RIGHTS IN VIOLATION OF THE BANE ACT [CALIFORNIA CIVIL CODE § 52.1]

**(Against County of Siskiyou, City of Mt. Shasta, and Their Peace Officers/Employees/Defendants Stock, Moore, Casanova, and Evans)**

33.    Plaintiffs hereby adopt, incorporate, and reiterate all of the preceding allegations of this Complaint.

34.    Under the Bane Act, it is unlawful for a person or persons, whether or not acting under color of law, to interfere by threat, intimidation, or coercion, or "attempt" to interfere by threat, intimidation, or coercion, with the exercise or enjoyment of one's rights secured by the Constitution or laws of the State.

35.    Plaintiffs allege that City, County, and their peace officers, including Defendants Stock, Moore, Casanova, and Evans, violated Decedent's rights under the Bane Act, as they exerted excessive force, without any justification, as more fully set forth herein.

36.    Plaintiffs allege that the peace officers involved applied excessive force with the specific intent of depriving Decedent of his right under the Fourth Amendment of the Constitution to be free of unlawful seizures.

37.    Plaintiffs allege that, a direct and proximate result of the above, they have standing to recover damages under the Bane Act, in an amount according to proof.  Plaintiffs further allege that they are entitled to recover treble damages against City/County/Peace Officers, pursuant to California Civil Code Section 52.1(c).

38.    Claimants further allege that the individual peace officers were guilty of malice and oppression as defined under California Civil Code Section 3294, and Claimants should recover, in addition to actual damages, punitive damages to make an example of and to the individual peace officers.

Complaint
Case No.

-9-

## THIRD CAUSE OF ACTION FOR DAMAGES FOR BATTERY

**(Against County of Siskiyou, City of Mt. Shasta, and Their Peace Officers/Employees/Defendants Stock, Moore, Casanova, and Evans)**

39.     Plaintiffs hereby adopt, incorporate, and reiterate all of the preceding allegations of this Complaint.

40.     Plaintiffs allege that the peace officers shot and "seized" Decedent, as more fully set forth above.

41.     Plaintiffs allege that Decedent did not consent to the physical contact, as more fully described above.

42.     Decedent was harmed by the contact, as more fully set forth above, which was the proximate cause of Decedent's injuries and damages herein.

43.     A reasonable person in Decedent's position would have been offended by the Peace Officers' nonconsensual physical contact.

44.     County and City are liable for the above actions of their employees, pursuant to California Government Code Section 815.2(a).

45.     Plaintiffs further allege that the peace officers involved were guilty of malice and oppression as defined under California Civil Code Section 3294, and Claimants should recover, in addition to actual damages, punitive damages to make an example of the individual peace officers.

## FOURTH CAUSE OF ACTION FOR DAMAGES FOR NEGLIGENCE

**(Against County of Siskiyou, City of Mt. Shasta, and Their Peace Officers/Employees/Defendants Stock, Moore, Casanova, and Evans)**

46.     Plaintiffs hereby adopt, incorporate, and reiterate all of the preceding allegations of this Complaint.

47.     Plaintiffs allege that the peace officers involved, including Defendants Stock, Moore, Casanova, and Evans, owed a duty to Decedent and to them and breached that duty.

Complaint
Case No.

-10-

48.     City, County, and their peace officers, including Defendants Stock, Moore, Casanova, and Evans, were negligent by taking the actions described above, as well as omitting important, relevant tactics.  These include, but are not limited to, the failure to properly assess the threat, the failure to bring in appropriate assets (including crisis intervention), the failure to adequately/properly communicate and coordinate amongst the officers on scene, and the failure to employ proper tactics/protocols in confronting an individual threatening suicide.  As alleged hereinabove, the officers involved failed, among other things, to get to positions of safety, failed to slow events down (rather than speeding them up), and failed in their attempt to successfully negotiate with Darin Klep, by pointing their weapons directly at Klep (which sent a confusing, conflicting message and which lost Klep's trust).

49.     Plaintiffs were harmed as a result.

50.     As a direct and proximate result of City and its Peace Officers/Employees' negligence, Plaintiffs suffered harm, as more fully described above.

51.     City and County are liable for the above actions of their employees, pursuant to California Government Code Section 815.2(a).

## FIFTH CAUSE OF ACTION FOR DAMAGES FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Against County of Siskiyou, City of Mt. Shasta, and Their Peace Officers/Employees/Defendants Stock, Moore, Casanova, and Evans)**

52.     Plaintiffs hereby adopt, incorporate, and reiterate all of the preceding allegations of this Complaint.

53.     Plaintiffs allege that the peace officers involved owed a duty to Decedent and to them and breached that duty.

54.     City, County, and their peace officers (including Defendants Stock, Moore, Casanova, and Evans) were negligent by taking the actions described above.  Plaintiffs allege that they were present at the scene of the injury-

Complaint
Case No.

-11-

producing event at the time it occurred, and contemporaneously perceived the injury-producing event and its traumatic consequences.

55. Plaintiffs were harmed as a result, suffering severe emotional distress.

56. As a direct and proximate result of City and its Peace Officers/Employees' negligence, as more fully set forth herein, Plaintiffs suffered harm.

57. City and County are liable for the above actions of their employees, pursuant to California Government Code Section 815.2(a).

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For all damages permissible under California Code of Civil Procedure Section 377.60 (wrongful death), including without limitation for loss of support, loss of services, funeral and burial expenses, and loss of companionship;

3. For all damages permissible under California Code of Civil Procedure Section 377.34 (Survival Action), including without limitation for pain and suffering, as well as punitive damages (against individual defendants);

4. For punitive damages against non-municipal defendants;

5. For attorney's fees pursuant to 42 U.S.C. Section 1988 and California Civil Code Section 52.1(i);

6. For prejudgment interest;

7. For costs of suit incurred herein; and

/ / /

/ / /

/ / /

Complaint
Case No.

-12-

8.     For such other and further relief as this court may deem just and proper.

DATED: February 14, 2023     LAW OFFICES OF PHILIP J. KAPLAN

By   */s/Philip J. Kaplan*
       Philip J. Kaplan
       Attorney for Plaintiffs
       RENEE KLEP and A.K.

Complaint
Case No.

1 | **DEMAND FOR JURY TRIAL**

2

3    Plaintiffs hereby demand a jury trial in this action pursuant to Federal

4  Rules of Civil Procedure, Rules 38 and 81.

5

6  Dated:  February 14, 2023          LAW OFFICES OF PHILIP J. KAPLAN

7

8                                          ___*/s/Philip J. Kaplan*_____

9                                          PHILIP J. KAPLAN
                                           Attorney for Plaintiffs
10                                         RENEE KLEP and A.K.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Complaint
    Case No.
                                          -14-