1   Patrick L. Deedon, State Bar No. 245490
    Tracey A. Werner, State Bar No. 315876
2   **MAIRE & DEEDON**
3   2851 Park Marina Drive, Suite 300
    Redding, California 96001-2813
4   (530) 246-6050 / 246-6060 (fax)
    *pdeedon@maire-law.com*
5   *twerner@maire-law.com*

6
    Attorney(s) for Defendants,
7   COUNTY OF SISKIYOU,
    CHRIS STOCK, and RICHARD EVANS
8

9   Derick E. Konz, SBN 286902
    Ashley Riser, SBN 320538
10  **ANGELO, KILDAY & KILDUFF, LLP**
    601 University Avenue, Suite 150
11  Sacramento, California 95825
    Tel: (916) 564-6100
12  dkonz@akk-law.com
    ariser@akk-law.com
13

14  Attorney(s) for Defendants,
15  CITY OF MT. SHASTA, WALTER MOORE,
    and JUAN CASANOVA
16

17  Philip J. Kaplan, SBN 135735
    **LAW OFFICES OF PHILIP J. KAPLAN**
18  3278 Wilshire Blvd., Suite 106
    Los Angeles, CA  90010
19  Tel: (213) 820-2874
    Philipkaplanlaw@gmail.com
20

21  Attorney(s) for Plaintiffs,
    RENEE KLEP and A.K.
22

23  ///

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION                    **PAGE 1**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

RENEE KLEP, individually and as
Successor-in-interest to DARIN KLEP,
Decedent; A.K., a minor, by her guardian Ad
Litem, RENEE KLEP,

     Plaintiff,

vs.

COUNTY OF SISKIYOU; CITY OF MT.
SHASTA, a Municipal entity; CHRIS
STOCK, an individual; RICHARD EVANS,
an individual; WALTER MOORE, an
individual; and JUAN CASANOVA, an
individual,

     Defendants.

_____/

No.   2:23-cv-0274 WBS DB

**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**

     WHEREAS the Plaintiffs, RENEE KLEP and A.K., (hereinafter referred to as "PLAINTIFFS"), and Defendants, COUNTY OF SISKIYOU, CITY OF MT. SHASTA, CHRIS STOCK, RICHARD EVANS, WALTER MOORE, and JUAN CASANOVA (hereinafter collectively referred to as "DEFENDANTS"), which hereinafter may be referred to collectively as the "PARTIES," anticipate that during the course of litigation of this case (hereinafter referred to as the "instant Action" or the "Action"), discovery may be necessary of information, documents, records, or matters which are protected, confidential, privileged, private, or otherwise sensitive (which categories or descriptors may hereafter be referred to collectively as

"CONFIDENTIAL MATERIALS"), and the PARTIES wish to preserve the protection of those materials while ensuring that discovery may be pursued with minimal delay or expense.

THEREFORE, the PARTIES hereby stipulate and agree to the following terms of this STIPULATION FOR ENTRY OF A PROTECTIVE ORDER (hereinafter referred to as the "PROTECTIVE ORDER"), subject to approval by this Court.

1.      **SCOPE OF PROTECTIVE ORDER**

a.      The protection of this PROTECTIVE ORDER may be invoked with respect to any documents, video, photographs, audio recordings, testimony, written responses, information, inspection, and things (collectively "MATERIALS") produced or created in this Action that contain CONFIDENTIAL information. As used herein, the term CONFIDENTIAL includes MATERIALS produced in any format, including hardcopy or electronic, that contain confidential information including, but not limited to: documents protected from disclosure by the Privacy Act of 1974 (U.S. Public Law 93-579; documents codified at 5 U.S.C. §552a (2018)); documents exempt from disclosure under the Freedom of Information Act (codified at 5 U.S.C. §552); documents which may be redacted pursuant to California Government Code section 7927.700, Government Code section 7925.000, and Penal Code section 832.7(b); documents which are privileged pursuant to California Government Code section 7920.535(k) and Penal Code section 832.7; information exempt from disclosure pursuant to California Government Code sections 7928.200 – 7928.230 and Penal Code 832.7(b); documents protected from disclosure by California Government Code sections 7923.600 – 7923.625; information within documents which is protected from disclosure under California Evidence Code section 1041; any documents or information within documents which are protected from disclosure under Penal Code section 11165.5, et seq. and Welfare & Institutions Code sections 827-828;

documents or information which are protected from disclosure under California Code of Civil Procedure section 129; documents or information which are protected from disclosure under California Penal Code section 832.7; documents or information which are protected from disclosure under California Penal Code section 832.7(b)(3), unless independently subject to disclosure under Penal Code section 832.7(b)(6); documents or information which are protected from disclosure under California Penal Code section 832.7(b)(9); proprietary trade secrets, technical and competitively-sensitive information protected by law, information protected by a constitutional right to privacy, information protected by an applicable privilege whether or not the person holding the privilege is a party to this Action, information which is protected by a statutory confidential designation, or which otherwise exceeds the scope of Federal Rule of Civil Procedure Rule 26.

b.       In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case may involve the production of CONFIDENTIAL MATERIALS, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in connection with this Action, to address their handling of such MATERIALS at the end of the litigation, and to serve the ends of justice, a protective order for such MATERIALS is justified in this matter.  The parties shall not designate any information/documents as CONFIDENTIAL subject to the terms of this PROTECTIVE ORDER without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

1
2
3
4
5
6

  c. In the event that additional parties join or are joined in this Action, they shall not have access to MATERIALS designated as CONFIDENTIAL pursuant to this PROTECTIVE ORDER until they have executed and, at the request of any Party, filed with the court, their agreement to be bound by this PROTECTIVE ORDER, a blank copy of which is attached hereto as "**EXHIBIT A**."

7
8
9
10
11
12
13
14
15
16
17

  d. As the parties have represented that discovery in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, nor does this Order permit unfettered access to otherwise protected or exempt MATERIALS.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and which were also specifically requested or relied upon in the prosecution or defense of this litigation.

18
19
20
21
22
23

  e. The parties further acknowledge, as set forth below, that this Order creates no entitlement to file confidential information under seal, except to the extent specified herein. Eastern District Local Rules 141, 141.1, 143, 230 and/or 251 set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

24
25
26
27
28

  f. No party shall apply to the Court for an order compelling production of CONFIDENTIAL MATERIALS withheld by the PRODUCING PARTY without first attempting to informally resolve the dispute pursuant to the terms of California Eastern District Local Rule 251.

g. Regardless of the foregoing, the protections conferred by the parties' Stipulation and this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Specifically, prior to the filing of the instant lawsuit and pursuant to a Public Records Request made by Plaintiffs' counsel (Philip J. Kaplan, Esq.), the City of Mt. Shasta and County of Siskiyou produced to Plaintiffs' counsel documents and things related to the subject incident (including without limitation BWV and documents).  All parties agree that  the documents and materials produced to Plaintiffs' Counsel by the City of Mt. Shasta and County of Siskiyou, pursuant to prelitigation Public Records Act Requests,  are not "Protected Material" and are not subject to this Stipulated Protective Order.  Further, the Parties agree generally that nothing in this protective order shall be construed to bar a party from public dissemination of any unredacted portion of any record made available by an agency under the California Public Records Act (Government Code §§ 6252-6270).

2. **DEFINITIONS.**

a. <u>Party</u>: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff thereof).

b. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things,

testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

c.  <u>"Confidential" Information or Items</u>: information or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure Rule 26(c) and/or applicable federal privileges. This material includes, but is not limited to, medical records, psychotherapeutic records, and autopsy photographs; as well as peace officer personnel records as defined by California Penal Code §§ 832.8, 832.5, 832.7 and the associated case law; and personal identifying information of third parties.

d.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

e.  <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant to §6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

f.  <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

g.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order. The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and any associated Protective Order.

h.  <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

i.  <u>House Counsel</u>: attorneys who are employees of a Party (as well as their support staffs).

j.      Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

k.      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rules of Civil Procedure Rule 26(a)(2) or other applicable discovery Rules or statutes.

l.      Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; and/or organizing, storing, retrieving data in any form or medium; etc.); and their employees and subcontractors.

### 3.      NO WAIVER

A voluntary disclosure made during discovery in the instant Action, by any person, which is designated as CONFIDENTIAL by the PRODUCING PARTY or a DESIGNATING PARTY, shall be made subject to the terms of this PROTECTIVE ORDER and shall not constitute an agreement or stipulation to use or disclose those MATERIALS in any Action or for any purpose other than the prosecution or defense of the claims at issue herein. To the extent such disclosure includes MATERIALS which would otherwise be protected by an applicable privilege, the attorney work-product doctrine, the constitutional right to privacy of a third party and/or minor child, or which are statutorily designated as confidential, the PARTIES hereby stipulate that the disclosure of CONFIDENTIAL MATERIALS in this Action shall not constitute a waiver pursuant to Federal Rules of Evidence Rule 502 or any other code or rule, and the party(ies) holding any such privilege, protection, or right does not waive their right to

raise those privileges, protections, or objections later, if the party receiving the CONFIDENTIAL MATERIALS attempts to use those MATERIALS in any manner which is not directly relevant to the prosecution or defense of the instant Action and made in accordance with the terms and conditions of this PROTECTIVE ORDER.

**4.    DESIGNATION OF MATERIALS AS CONFIDENTIAL**

a.    As set forth below, MATERIALS containing CONFIDENTIAL INFORMATION may be designated, in whole or in part, as "CONFIDENTIAL." Such designation may be made by any party or non-party who produces MATERIALS in this Action ("PRODUCING PARTY"), or may be made by a party who determines, in good faith, that MATERIALS produced by a non-party contain CONFIDENTIAL INFORMATION ("DESIGNATING PARTY").

b.    Each Party or non-party that designates information or items for protection under the parties' Stipulation and this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or inhibit the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

c.       A DESIGNATING PARTY's ability to so-designate MATERIALS is not affected by a PRODUCING PARTY's failure, whether by mistake or intention, to designate the MATERIALS as CONFIDENTIAL.

d.       CONFIDENTIAL MATERIALS shall include only such information as the PRODUCING or DESIGNATING PARTY in good faith contends should be protected pursuant to this PROTECTIVE ORDER on the grounds that the information is properly subject to protection under existing California or federal law.

e.       The protection of this PROTECTIVE ORDER may be invoked with respect to MATERIALS in the following manner:

i.       Documents when produced or otherwise designated shall bear the clear and legible designation "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER" on each page of the document that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

ii.       As to discovery requests or the responses thereto, (1) the pages and/or request or response number containing CONFIDENTIAL INFORMATION shall be

clearly described on a legend affixed to the first page, bearing the designation "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER"; or (2) for each separate request or response containing CONFIDENTIAL INFORMATION, the beginning of said request or response shall start with the designation "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER";

     iii. For information produced in some form other than documentary, and for any other tangible items (including information produced on electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

     iv. As to deposition testimony and transcripts CONFIDENTIAL treatment may be invoked by: (1) Declaring the same on the record at the deposition, specifying whether the designation is to be applied to all or only portions of the testimony and transcript. If only to be invoked for a portion of the deposition, the DESIGNATING PARTY shall state on the record, with reasonable specificity, which portions of the deposition are to be treated as CONFIDENTIAL. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Producing Party; or (2)  Where it is impractical to state with specificity which portions of the deposition are to be treated as CONFIDENTIAL, the DESIGNATING PARTY shall state on the record at the deposition, that they will serve the deponent, and all parties or their attorney of record, with a legend specifying the pages, or page and line(s), and exhibits, for which they are making such a CONFIDENTIAL designation within twenty (20) days of receipt

of the transcript of the deposition. Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of the parties' Stipulation and this Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Producing Party.

1.      If the DESIGNATING PARTY makes a statement on the record that the deposition testimony or exhibits, or any portion thereof, contains CONFIDENTIAL MATERIAL and instructs the court reporter on the record at the deposition to mark the cover of the transcript with the "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER" designation, the deponent and all parties or their attorneys of record shall treat the whole transcript and all exhibits as CONFIDENTIAL, until the legend specifying which portions of the transcript are confidential is received from DESIGNATING PARTY. If no such legend is received within 30 days of receipt of the transcript, and the PARTIES have not stipulated otherwise, the PARTIES shall be entitled to treat the transcript or exhibits as NON-CONFIDENTIAL MATERIAL.

2.      Failure of counsel to designate testimony or exhibits, or any portion thereof, as CONFIDENTIAL MATERIAL on the record at the deposition shall not constitute a waiver of the CONFIDENTIALITY of the testimony or exhibits. At any time after the deposition, but not more than twenty (20) days following receipt of the transcript, a DESIGNATING PARTY may, by written notice to all PARTIES and/or counsel, designate the testimony or exhibits, or any portion thereof, as CONFIDENTIAL. However, if no designation is made on the record at the deposition, the PARTIES may treat the entire transcript, including exhibits, as NON-CONFIDENTIAL MATERIAL unless they receive written notice from a

DESIGNATING PARTY. Subject to the NON-DESIGNATING party's right to challenge confidentiality set forth herein at paragraph 5, once written notice has been given, the deponent and all PARTIES or their attorneys of record shall treat the whole transcript and all exhibits as CONFIDENTIAL, until the legend specifying which portions of the transcript are confidential is received from DESIGNATING PARTY. If no such legend is received within 30 days of receipt of the written notice, and the PARTIES have not stipulated otherwise, the PARTIES shall be entitled to treat the entire transcript, including exhibits, as NON-CONFIDENTIAL MATERIAL.

      f.     If any PRODUCING PARTY inadvertently produces or discloses any CONFIDENTIAL MATERIALS without marking them "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the PRODUCING or DESIGNATING shall promptly notify the Receiving Party that the information should be treated in accordance with the terms of Paragraphs 3 and 6 of this PROTECTIVE ORDER and shall promptly forward appropriately designated copies of the materials.  If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, *standing alone*, waive the Designating Party's right to secure protection under the parties' Stipulation and this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the parties' Stipulation and this Order.

    Within ten (10) days of the receipt of substitute copies bearing the appropriate designation, the Receiving Party shall return the previously unmarked items and all copies thereof.

5.      **CHALLENGES TO CONFIDENTIAL DESIGNATION**

a.      <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The party initiating the challenge to a confidentiality designation shall hereinafter be referred to as the "CHALLENGING PARTY."

i.      The CHALLENGING PARTY'S written notice shall include a brief statement of the basis upon which they believe the documents were wrongfully designated as CONFIDENTIAL, in violation of this protective order.

b.      <u>Meet and Confer</u>: The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue, either in person, telephonically, or by other comparable means, but not by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If meet and confer efforts prove unsuccessful, or the Designating Party is unwilling to participate in the meet and confer process in a timely manner, the parties shall comply with all requirements under Local Rule 251 before bringing a motion before the Court pursuant to the terms of this agreement.

c. <u>Judicial Intervention</u>.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute or within 21 days of the initial notice of challenge, whichever date is earlier. The parties must comply with Eastern District Local Rules 141, 141.1, 143, 230 and/or 251 (including the joint statement re discovery dispute requirement) in any motion associated with this Protective Order.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

d. <u>Burden of Persuasion</u>:  The burden of persuasion in any proceeding challenging a confidentiality designation shall be on the PRODUCING or DESIGNATING

Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention.  Frivolous challenges or refusals to change a designation of Protected Material, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the offending Party to sanctions at the discretion of the Court. Unless the Producing or Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the materials in question the level of protection to which it is entitled under the Producing or Designating Party's original designation, until the Court rules on the pending challenge.

**6.    WITHDRAWL OF "CONFIDENTIAL" DESIGNATION**

At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of the parties' Stipulation and this Order at any time by any of the following methods:

a.    <u>Express Written Withdrawal</u>.    A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from some or all of the protections of the parties' Stipulation and this Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of the parties' Stipulation and Order.  Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of the parties' Stipulation and this Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which

confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of the parties' Stipulation and this Order;

b.    <u>Express Withdrawal on the Record</u>.    A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/ Confidential Documents from all of the provisions/protections of the parties' Stipulation and this Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of the parties' Stipulation and this Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/ provisions of the parties' Stipulation and this Order by this method;

c.    <u>Implicit Withdrawal by Publication or Failure to Oppose Challenge</u>.    A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of the parties' Stipulation and this Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.

Nothing in the parties' Stipulation and this Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

### 7.    DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

a.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation – up to and including final disposition of the above-entitled action – and not for any other purpose, including any other litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the parties' Stipulation and this Order.  When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of §12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the parties' Stipulation and its Order.

b.    MATERIALS designated as CONFIDENTIAL, as well as summaries, excerpts, and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this PROTECTIVE ORDER. MATERIALS designated as CONFIDENTIAL may be disclosed only to:

i.    The court, its clerks, research attorneys, and the jury, provided that the CONFIDENTIAL MATERIALS are not used or disclosed in a manner which would make them accessible to the public as part of the Court's public case file for this Action, any related Cross-Action, or appeal;

ii.      The Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation including, without limitation, their secretaries, paralegals, legal assistants, and other staff who are actively involved in the litigation of this Action;

iii.     The PARTIES, and officers and employees of the PARTIES, who are assisting counsel in the preparation of this Action for trial, motion practice, or appellate proceedings, provided that the disclosure of the CONFIDENTIAL MATERIALS to such persons is, in the judgment of counsel, reasonably necessary to assist in counsel's preparation of their case;

iv.      Any expert or consultant who is retained, specially employed, or informally consulted by any of the PARTIES, or their legal counsel of record, concerning the preparation, trial, appeal and/or retrial of this Action or any related cross-Action, and the secretarial or clerical employees of such persons (hereafter, "Experts");

v.       Any person actually called to testify as a witness either at a deposition or court proceeding in this Action, but only to the extent counsel believes in good faith is necessary for the prosecution or defense of this Action, and also only if such persons are informed of the terms of this PROTECTIVE ORDER, provided with a copy of the PROTECTIVE ORDER, and agree to be bound by the terms of this PROTECTIVE ORDER by stating their agreement on the record and signing a copy of the agreement attached hereto as "EXHIBIT A";

vi.      Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

vii.     Employees of outside copying services and other vendors retained by counsel to assist in litigation support including, but not limited to: copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with the Action and only after being informed of the provisions of this PROTECTIVE ORDER and agreeing to abide by its terms;

viii.    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the Action; and

ix.      Any person who created the CONFIDENTIAL MATERIALS being disclosed or was the intended recipient thereof.

c.       MATERIALS designated CONFIDENTIAL shall be used solely in the preparation for trial and/or appeal, including any retrials, of this Action or any related cross-Actions to which said CONFIDENTIAL MATERIALS are relevant or reasonably calculated to lead to the discovery of admissible evidence.

d.       Each person to whom CONFIDENTIAL MATERIALS are disclosed pursuant to the terms of this PROTECTIVE ORDER, other than persons described in paragraphs 6, must read a copy of this PROTECTIVE ORDER and must manifest his or her agreement to be bound by its terms, conditions and restrictions for the purposes of enforcement by signing the agreement attached hereto as **"Exhibit A"** (the "Undertaking"), and must retain a copy of this PROTECTIVE ORDER, with a copy of his signed Undertaking attached, prior to their receipt of the CONFIDENTIAL MATERIALS.

i.      Counsel disclosing materials designated as "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" to persons required to execute and Undertaking

agreement shall retain all such executed agreements.

ii.      Copies of the executed Undertaking agreement shall be preserved

by counsel and shall be provided to opposing parties or counsel for opposing parties if the court

so orders upon a showing of good cause.

**8.      USE IN DEPOSITIONS**

a.      A deponent may be shown and examined about MATERIALS designated

as confidential and made subject to this PROTECTIVE ORDER, only in accordance with the

terms stated herein below.

b.      For witnesses being provided with Protected Material during a deposition,

it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal

admonition (on the record, for witnesses) regarding the provisions of the parties' Stipulation and

this Order and such provisions' applicability to specified Protected Material at issue.

c.      During their depositions, witnesses in the action to whom disclosure is

reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby

agree to be bound by the parties' Stipulation and this Order.  Pages of transcribed deposition

testimony or exhibits to depositions that reveal Protected Material may not be disclosed to

anyone except as permitted under the parties' Stipulation and this Protective Order;

c.      All depositions taken by any party at which any CONFIDENTIAL

MATERIAL is to be used, or at which any CONFIDENTIAL MATERIAL is inquired into, shall

be conducted only in the presence of the deposition witness and his or her counsel, and other

persons described in this PROTECTIVE ORDER, and only if such persons agree to be bound by

the terms of this PROTECTIVE ORDER and manifest that agreement by execution of an Undertaking.

**9.     USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS**

a.      Nothing contained in this PROTECTIVE ORDER shall be construed to prejudice any Party's right to use MATERIALS designated as CONFIDENTIAL at trial, or in any hearing before the court, during the litigation of this Action, only, subject to all applicable rules of evidence. If any Party intends to use CONFIDENTIAL MATERIALS at trial or a hearing in this Action, the party intending to use the MATERIALS must provide reasonable notice of the intended use of such material to all PARTIES and counsel of record so that the PARTIES have an opportunity to arrange for appropriate safeguards and provided that the rules applicable to sealing records and use of confidential records, as further addressed below, are followed. Likewise, nothing in this PROTECTIVE ORDER shall be dispositive as to any issues of relevance, discoverability, or admissibility.

b.      A party who wishes to file any MATERIALS designated as confidential and subject to this PROTECTIVE ORDER to the court in this Action must comply with the terms of Local Rule 141.1 and other applicable federal or local rules for the submission of such confidential material. If the MATERIALS are required to be kept CONFIDENTIAL by law or are submitted in connection with discovery motions or proceedings, no court ORDER is required.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 140 and 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

c. Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

10.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

a.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the parties' Stipulation and this Order, the Receiving Party must immediately:

(i) notify in writing the Designating Party of the unauthorized disclosures;

(ii) use its best efforts to retrieve all copies of the Protected Material;

(iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(iv) request such person or persons consent to be bound by the Stipulation and this Order and execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

b.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to

Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11.     MODIFICATION OF THIS ORDER**

Nothing in this PROTECTIVE ORDER shall preclude any Party from applying to the Court to modify this ORDER to provide for additional safeguards to ensure the CONFIDENTIALITY of MATERIALS produced in this Action, or to otherwise modify this PROTECTIVE ORDER for good cause shown. In the event that any Party seeks a modification of this ORDER for any reason, the PARTIES agree to negotiate the requested modification in good faith prior to making an application to the court. The PARTIES further agree that no application will be made to the Court to modify the terms of this ORDER without good cause shown.

If a party applies to the Court for a modification of the terms of this ORDER, the moving party shall have the option to request attorney fees and costs from the party challenging the requested modification on the grounds that the non-moving party's lack of agreement to the modification is deemed by the court to have been unreasonable.

**12.     FINAL DISPOSITION OF MATERIALS AT CONCLUSION OF CASE**

All MATERIALS designated as CONFIDENTIAL shall remain in the possession of the counsel of record of the Party to whom such MATERIALS are produced, and they shall not permit any such MATERIALS to leave their possession, except that copies of such MATERIALS may be made for the use of persons to whom disclosure may be made under paragraphs 7-9 of this PROTECTIVE ORDER, or for the purpose of submission to the court

under paragraph 9 of this PROTECTIVE ORDER. Within sixty (60) days after this Action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom CONFIDENTIAL MATERIALS were produced shall, at the election of the Party receiving the MATERIALS, (a) return all documents and copies containing CONFIDENTIAL MATERIALS (including, but not limited to, copies in the possession or control of any expert or employee) to the PRODUCING PARTY, or (b) promptly destroy all such MATERIALS and copies and provide a written certification under oath to the PRODUCING PARTY and to any DESIGNATING PARTY to that effect.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (be they records from trial, deposition, and/or hearings), legal memoranda filed with the court in this action, deposition and trial exhibits, expert reports, consultant and expert work product, as well as any correspondence or attorney work product prepared by Counsel for the Receiving Party, even if such materials contain Protected Material; however, any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth above. Any such archival copy may not be used for any purpose or in any manner which is not directly relevant to the prosecution or defense of the instant Action and made in accordance with the terms and conditions of this PROTECTIVE ORDER.

## 13.    RETENTION OF JURISDICTION

The court shall retain jurisdiction over all persons to be bound by the terms of this PROTECTIVE ORDER, during the pendency of this Action and for such time thereafter as is needed to carry out its terms.  Further, this court shall retain jurisdiction in the event Receiving Party seeks modification of this Order, including without limitation changing the designation of Protected Material in order to disclose and publish materials produced in the litigation.

After this Stipulation and Protective Order has been signed by counsel for all PARTIES, it shall promptly be presented to the Court for entry. The terms of this ORDER shall take effect and become binding on the PARTIES and their counsel of record immediately upon execution. Counsel agree to be bound by the terms set forth herein with regard to any CONFIDENTIAL MATERIALS that have been produced, before the Court signs this Stipulation and Protective Order.

In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different PROTECTIVE ORDER, the PARTIES shall be bound by this Stipulation and Protective Order until such time as the Court enters a new or modified ORDER. It is the PARTIES' intent to be bound by the terms of this Stipulation and PROTECTIVE ORDER pending its entry, so as to allow for immediate production of CONFIDENTIAL MATERIALS under the terms herein. Any of the parties to this action may move a court of competent jurisdiction to modify the terms and conditions of this protective order at some point in time after its issuance by the court.

This stipulation may be signed in counterparts and signatures obtained electronically and/or by facsimile shall be treated as originals.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 28, 2024                          **MAIRE & DEEDON**


                                                  */s/ Patrick L. Deedon*
                                                  PATRICK L. DEEDON
                                                  TRACEY A. WERNER
                                                  Attorney(s) for Defendants,
                                                  COUNTY OF SISKIYOU, CHRIS STOCK, RICHARD EVANS

*[Signatures to follow on the next page.]*

Dated:  February 28, 2024                    **ANGELO, KILDAY & KILDUFF, LLP**


                                              _/s/ Derick E. Konz_
                                             DERICK E. KONZ
                                             ASHLEY RISER
                                             Attorney(s) for Defendants,
                                             CITY OF MT. SHASTA, WALTER MOORE, and
                                             JUAN CASANOVA


Dated:  February 29, 2024                    **LAW OFFICES OF PHILIP J. KAPLAN**


                                              _/s/ Philip J. Kaplan_
                                             PHILIP J. KAPLAN
                                             Attorney(s) for Plaintiffs,
                                             RENEE KLEP and A.K.

*[Order on the following page.]*

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 27

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

6.   The parties may not modify the terms of this Protective Order without the court's approval.   If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.   Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.   Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 4, 2024                    /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE

**"EXHIBIT A" TO STIPULATED PROTECTIVE ORDER**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ of _____,  located  at

_____, declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Eastern District of California on _____  in

the case of *Klep, et. al. v. County of Siskiyou, et al., California Eastern District Case Number

2:23-cv-00274-WBS-DB*. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern  District  of  California  for  the  purpose  of  enforcing  the  terms  of  this  Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[signature]

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050