UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RENEE KLEP, individually and as successor-in-interest to DARIN KLEP, Decedent; A.K. a minor by her Guardian Ad Litem, RENEE KLEP;<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SISKIYOU, a municipal entity; CITY OF MT. SHASTA, a municipal entity; CHRIS STOCK, an individual; RICHARD EVANS, an individual; WALTER MOORE, an individual; and JUAN CASANOVA, an individual;<br><br>　　　　　Defendants. | No. 2:23-cv-274 WBS SCR<br><br>ORDER APPROVING MINOR'S COMPROMISE |

----oo0oo----

　　　　Plaintiffs Renee Klep and her daughter Ayla Klep ("A.K.") brought this suit against the County of Siskiyou, the City of Mt. Shasta, and four law enforcement officers (collectively, "defendants") following the shooting of decedent Darin Klep. (See Compl. ¶¶ 1-8, 13-27 (Docket No. 1).) The

1

1  court previously appointed Renee Klep as A.K.'s guardian ad
2  litem.  (Docket No. 4.)  After the parties settled for a total of
3  $250,000.00, A.K., by and through her guardian ad litem and
4  mother Renee Klep, moved for approval of the compromise of her
5  claims.  (Docket No. 36.)  Defendants do not oppose the instant
6  motion.  (Docket Nos. 37-38.)  The court held a hearing on the
7  motion on June 9, 2025.  (Docket No. 39.)
8       The settlement of the claims of a minor is subject to
9  approval by the court.  See L.R. 202(b).  The party moving for
10 approval of the settlement must provide the court "information as
11 may be required to enable the [c]ourt to determine the fairness
12 of the settlement or compromise."  See id.(b)(2); see also
13 Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011)
14 (directing district courts "to safeguard the interests of minor
15 plaintiffs" by "determin[ing] whether the net amount distributed
16 to each minor plaintiff in the proposed settlement is fair and
17 reasonable").  District courts must "limit the scope of their
18 review to the question whether the net amount distributed to each
19 minor plaintiff in the settlement is fair and reasonable, in
20 light of the facts of the case, the minor's specific claim, and
21 recovery in similar cases."  Id. at 1181-82.
22      Under the proposed settlement, A.K. will receive a
23 gross amount of $50,000.00.  (Decl. of Philip J. Kaplan ("Kaplan
24 Decl.") ¶ 27 (Docket No. 36 at 11-18).)  Plaintiffs' prior
25 counsel, Nadrich & Cohen ("N & C"), and current counsel, the Law
26 Offices of Philip J. Kaplan ("Kaplan"), will collectively receive
27 $12,500.00 in total attorney's fees from A.K.'s share, which will
28 be split among them such that N & C receives $5,000.00, and

1  Kaplan receives $7,500.00.  (Id. ¶ 28.)  A.K. will therefore
2  receive a net amount of $38,500.00.  (Id. ¶¶ 27-28.)
3         Renee Klep will receive $200,000.00 in gross recovery.
4  (Id. ¶ 27.)  From that amount, N & C will receive $32,000.00 in
5  attorneys' fees, and Kaplan will receive $48,000.00 in attorney's
6  fees.  (Id. ¶ 28.)  In addition, $39,219.01 for costs and
7  expenses will be assessed against only Renee Klep's share,
8  leaving her with a net amount of $80,780.99.  (Id. ¶¶ 29-30.)
9         The court, after considering all of the relevant
10 submissions, finds that this settlement is "fair, reasonable, and
11 in the best interest" of A.K.  See Popp v. United States, No.
12 1:23-cv-1221 WBS EPG, 2025 WL 621560, at *1-2 (E.D. Cal. Feb. 26,
13 2025).  The settlement is for a substantial sum, considering the
14 injuries allegedly suffered by the minor plaintiff, and it is not
15 certain that plaintiffs would recover that amount against
16 defendants if the case proceeded to trial.  (See Kaplan Decl.
17 ¶¶ 18-22.)
18        The court notes that the total amount plaintiffs'
19 counsel will receive as attorneys' fees from A.K.'s share amounts
20 to 25% of her recovery, which is the "benchmark" for attorneys'
21 fees in contingency cases involving minors in the Eastern
22 District of California.  See Chance v. Prudential Ins. Co. of
23 Am., No. 1:15-cv-1889 DAD JLT, 2016 WL 3538345, at *2-3 (E.D.
24 Cal. June 29, 2016) (collecting cases).
25        IT IS THEREFORE ORDERED that the motion for approval of
26 minor's compromise (Docket No. 36) be, and the same hereby is,
27 GRANTED.
28        IT IS FURTHER ORDERED THAT:

1        1.   The total settlement in the amount of $250,000.00, with
2   gross settlement proceeds of $200,000.00 allocated to Renee Klep,
3   and $50,000.00 to A.K., is approved.
4        2.   A twenty-five percent (25%) contingency fee on the
5   $50,000.00 allocated to A.K. ($12,500.00) is approved.
6        3.   From settlement funds received by Kaplan, plaintiffs'
7   current counsel, Kaplan is directed to disburse from its trust
8   account the following sum as directed herein:
9             (a)  $38,500.00 to be deposited into a blocked bank
10  account insured by the Federal Deposit Insurance Corporation
11  until the minor reaches majority at Chase Bank, 974 Dana Drive,
12  Redding, CA 96003, in the name of "Renee Klep, as guardian ad
13  litem of Ayla Klep."
14            (b)  Within forty-eight (48) hours of settlement funds
15  clearing the trust account of the Law Offices of Philip J.
16  Kaplan, Renee Klep and/or Kaplan must deposit the amount of
17  $38,500.00 into the blocked account as set forth herein.
18            (c)  Renee Klep and/or Kaplan must deliver to the
19  depository of the above funds, Chase Bank, a copy of this Order.
20  Renee Klep and/or Kaplan are to place the balance in the blocked
21  account and to file a copy of the receipt with this court within
22  fifteen (15) days of the deposit.
23            (d)  The proceeds of settlement or judgment deposited
24  in the blocked account belonging to a minor, as described above,
25  may be withdrawn only as follows: No withdrawals of principal or
26  interest may be made from the blocked account without a further
27  written order under this case name and number, signed by a
28  judicial officer, and bearing the seal of this court, until the

4

minor attains the age of eighteen (18) years.  When the individual minor named herein attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order.  The money on deposit is not subject to escheat.

    2.   Renee Klep is authorized to execute any and all documents reasonably necessary to carry out the terms of the settlement.

    3.   Bond is not required.  (<u>See</u> Docket No. 36-1.)

    4.   The parties are directed to file disposition documents within sixty (60) days of the date of this Order.

Dated:  June 10, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE